**ROSEN & ASSOCIATES, P.C.**
*Counsel to the Debtor/Plaintiff*
747 Third Avenue
New York, NY 10017-2803
(212) 223-1100
Sanford P. Rosen
Paris Gyparakis

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>PRINCE FASHIONS, INC.,<br><br>                          Debtor. | Chapter 11<br><br>Case No. 19–23079 (RDD) |
| PRINCE FASHIONS, INC.,<br><br>                          Plaintiff,<br><br>v.<br><br>60G 542 BROADWAY OWNER, LLC and 542 HOLDING CORP.,<br><br>                          Defendants. | Adv. Proc. No. 19–08714 (RDD) |

### MOTION FOR LEAVE TO AMEND ADVERSARY COMPLAINT

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

        Prince Fashions, Inc., the above-captioned debtor and plaintiff herein (the "**Debtor**"), through counsel, Rosen & Associates, P.C., as and for its motion (the "**Motion**") for leave to amend the *Complaint for Declaratory Relief* [Adv. Proc. Doc. No. 1] (the "**Complaint**"), pursuant Rule 15 of the Federal Rules of Civil Procedure (the "**Federal Rules**"), applicable to this proceeding under Rule 7015 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), respectfully represents as follows:

**JURISDICTION, VENUE AND STATUTORY PREDICATE**

1. This Court has jurisdiction to consider this Motion as a core proceeding pursuant to 28 U.S.C. §§ 157 and 1334. Venue of these proceedings is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief requested herein is 11 U.S.C. § 105(a), as supplemented by Rule 7015 of the Bankruptcy Rules.

**RELEVANT FACTUAL & PROCEDURAL BACKGROUND**

2. On November 22, 2019, the Debtor commenced this proceeding by filing the Complaint against defendants 60G 542 Broadway Owner, LLC ("**60G**") and 542 Holding Corp. ("**Holding Corp.**" and collectively with 60G, the "**Defendants**").

3. On January 17, 2020, 60G moved to dismiss the Complaint (the "**Motion to Dismiss**") [Adv. Proc. Doc. No. 7] pursuant to Federal Rule 12(b)(1) and 12(b)(6) for lack of subject matter jurisdiction and for failure to state a claim.

4. On January 21, 2020, Holding Corp. filed its answer to the Complaint [Adv. Proc. Doc. No. 12]. Notably, Holding Corp. did not file a joinder motion with respect to the Motion to Dismiss.

5. On February 11, 2020, the Debtor filed its *Response in Opposition to Defendant's Motion to Dismiss* [Adv. Proc. Doc. No. 15] (the "**Response**") refuting most of the jurisdictional claims advanced in the Motion to Dismiss.

6. On March 9, 2020, 60G filed its reply to the Response [Adv. Proc. Doc. No. 19].

7. The Court convened a hearing on the Motion to Dismiss on July 14, 2020, and on July 15, 2020, entered an order dismissing the adversary complaint for failure to state a

claim under Federal Rule 12(b)(6) [Adv. Proc. Doc. No. 23], as corrected on July 24, 2020 [Adv. Proc. Doc. No. 24] (the "**Dismissal Order**").

8.　　The Dismissal Order provides that the Debtor shall have until August 28, 2020, to file a motion for leave to amend the Complaint. *See* DISMISSAL ORD. at 2.

### RELIEF REQUESTED

9.　　By this Motion, the Debtor seeks leave to file an amended complaint in this adversary proceeding, substantially in the form annexed hereto as *Exhibit A* (the "**Amended Complaint**").[1]

### DISCUSSION

10.　　Federal Rule 15, applicable herein by Bankruptcy Rule 7015, provides that a party may amend its pleading with "the court's leave," which "should [be] freely give[en] when justice so requires." *See* FED. R. CIV. P. 15(a)(2); *see also* FED. R. BANKR. P. 7015.

11.　　In the Second Circuit, Rule 15 is applied as a "permissive standard" consistent with a "strong preference for resolving disputes on the merits." *See Williams v. Citigroup Inc.*, 659 F.3d 208, 212-13 (2d Cir. 2011).

12.　　As another court in this district has explained, "[g]enerally, amendments are favored because they 'tend to facilitate a proper decision on the merits.'" *In re Bernard L. Madoff Inv. Secs. LLC*, 560 B.R. 208 (Bankr. S.D.N.Y. 2016) (quoting *In re Facebook, Inc., IPO Sec. & Derivative Litig.,* 986 F. Supp. 2d 428, 472 (S.D.N.Y. 2013)).

13.　　Accordingly, leave to amend freely "is to be heeded in the absence of a substantial reason such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the

---

[1] A blackline comparison of the proposed Amended Complaint is annexed hereto as *Exhibit B*.

opposing party by virtue of allowance of the amendment, futility of amendment, etc.'" *In re Bernard L. Madoff Inv. Sec. LLC*, 560 B.R. at 221 (quoting *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A.*, 626 F.3d 699, 725 (2d Cir. 2010) ("The rule in this Circuit has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith.").

14. The burden for demonstrating a basis for denying leave generally rests with the non-moving party. *See City of New York v. Grp. Health Inc.*, 649 F.3d 151, 157 (2d Cir. 2011) ("The rule in our circuit is to allow a party to amend its complaint unless the nonmovant demonstrates prejudice or bad faith.") (citation omitted); *In re Bernard L. Madoff Inv. Sec. LLC*, 560 B.R. at 225 ("The party opposing leave has the burden to demonstrate that the amendment would be futile") (citing *Ho Myung Moolsan Co. v. Manitou Mineral Water, Inc.*, 665 F. Supp. 2d 239, 250 (S.D.N.Y. 2009)); *see also Alexander Interactive, Inc. v. Adorama, Inc.*, No. 12 Civ. 6608, 2014 WL 113728, at *3 (S.D.N.Y. Jan.13, 2014) (non-moving party bears the burden of demonstrating that "substantial prejudice" would result if the proposed amendment were granted).

15. Here, because this proceeding is still in the pleading stage and the proposed amendments relate to the same underlying transactions as the operative Complaint, the Debtor submits that Defendants will suffer no undue prejudice should the relief requested herein be granted. *See Agerbrink v. Model Serv. LLC,* 155 F.Supp. 3d 448, 454-55 (S.D.N.Y. 2016) (in finding no undue prejudice to bar amendment, noting, inter alia, that plaintiff filed motion to amend before close of discovery, and amendment should not significantly prolong action).

16. Moreover, the Debtor submits that the proposed amendments are more than sufficient to withstand a motion to dismiss under Federal Rule 12(b)(6) and thus, would not be futile. *See Panther Partners Inc. v. Ikanos Commc'ns, Inc.*, 681 F.3d 114, 119 (2d Cir. 2012)

("Futility is a determination, as a matter of law, that proposed amendments would fail to cure prior deficiencies or to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure"); *Dubai Islamic Bank v. Citibank, N.A.*, 256 F. Supp. 2d 158, 162 (S.D.N.Y. 2003) ("A court measures futility under the same standard as a motion to dismiss under Fed.R.Civ.P. 12(b)(6)").

## CONCLUSION

17. For the foregoing reasons, the Debtor respectfully requests that the Court grant leave to file an amended complaint substantially in the form annexed hereto as *Exhibit A*.

**WHEREFORE**, the Debtor respectfully requests that leave be granted to file an amended complaint in this adversary proceeding and for such further relief as the Court deems just and proper.

Dated: New York, New York
       August 28, 2020

**ROSEN & ASSOCIATES, P.C.**
*Counsel to the Debtor/Plaintiff*

By: /s/ Sanford P. Rosen
    Sanford P. Rosen
    Paris Gyparakis

747 Third Avenue
New York, NY 10017-2803
(212) 223-1100