TENANT ESTOPPEL CERTIFICATE

National Consumer Cooperative Bank
1401 Eye Street, NW
Washington, D.C. 20005

    The undersigned ("Tenant") does hereby certify to you and your successors and assigns as follows:

    1. Tenant is the tenant under the following lease (as amended, the "Lease") at the property known as 542 Broadway, New York, New York 10012 (the "Property"):

    Landlord: **542 HOLDING CORP**

    Date: **APRIL 29, 1993**   Date of Lease: April 11, 1980

    Floor: **GROUND + BASEMENT**

    Amendments (please specify): _____
    No Amendments
    Assignment of Lease from 542 Equities (Tenant) to
    Prince Fashion, Inc. dated 4/22/80

    2. The Lease is in full force and effect, and has not been modified, supplemented or amended in any way except as referenced above. Annexed hereto is a true, correct and complete copy of the Lease.

    3. The term of the Lease has commenced, Tenant is in occupancy of the space covered by the Lease, and the expiration date of the Lease is **4/10/2079**.

    4. Base rent of $ **1000.00** per month* together additional rent and other charges due Landlord under the Lease have been paid through **Present**. *Annual Rent is 19.9% of the Cooperative yearly expenses including depreciation. Monthly chrages are collected and adjustments are made at year end.

    5. All of the tenant improvements or other work required to be performed by Landlord under the Lease have been duly performed, and all abatements, concessions, allowances, credits and payments, if any, to be made by Landlord under the Lease have been made.

    6. No default exists under the Lease on the part of Tenant or Landlord.

05910-00597/120243.1

7. Neither Tenant nor any predecessor has made any payment to Landlord as a security deposit or advance or prepaid rental except (a) a security deposit of $ 0 and (b) payments of rent and additional rent made not earlier than ten (10) days prior to the date upon which such payments are due.

8. The Lease contains the entire agreement between Tenant and Landlord with respect to the subject matter of the Lease.

9. Tenant claims no offsets, setoffs, rebates concessions, abatements or defenses against or with respect to rent, additional rent or other sums payable under the terms of the Lease.

10. The undersigned acknowledges that you are relying upon this certificate in making a loan to Landlord secured in part by a mortgage upon the Property and/or by an assignment of Landlord's interest in the Lease.

TENANT:

_[signature]_

PRINCE FASHION, INC.

By: Herman Katz
    Name:
    Title: President

## Law Offices of
# Allen I. Gross

ALLEN I. GROSS
ELLIOT S. HOROWITZ

JEFFREY M. GOLDMAN
STEVEN LOWENTHAL
MARION F. POSNER
JEFFREY E. MEHL*
MARTIN E. KOFMAN*

* MEMBER NY & NJ BAR

5224 THIRTEENTH AVENUE
BROOKLYN, N.Y. 11219
(718) 435-1700
FAX: (718) 871-6625

MARTIN GOLD**
OF COUNSEL

** MEMBER NY NJ & FL BAR

July 23, 1990

**BY TELECOPIER AND**
**CERTIFIED MAIL:RRR**

Maryellen Goble, Esq.
Hanley, Goble & Dennis
225 Broadway - Suite 2406
New York, N.Y. 10007

       Re: Prince Fashion, Inc.
          542 Broadway
          New York, N.Y.

Dear Ms. Goble:

  We are the attorneys for Prince Fashion, Inc. Your letter of July 13, 1990 has been forwarded to us.

  Please be advised that Prince Fashion has been a tenant at 542 Broadway for over twenty years. The sole owner, shareholder and employee of Prince Fashion is Herman Yankovits. Mr. Yankovits is an elderly gentleman who operates the business alone, on part-time basis, for the sale of piece goods. Prince Fashion is not a manufacturing company using heavy machinery or other large equipment at the premises. At all times, since the inception of the original lease prior to conversion to a cooperative, the premises has been used for the same purpose. Until now, there has never been a complaint concerning such use. Mr. Yankovits bought the store and basement area in April 1980 from the Sponsor. All parties at that time were aware of his use of the premises and his intention of continuing his business in the same manner.

  Your letter makes reference to violations of a Certificate of Occupancy. It is our understanding that the premises is located in a manufacturing zone and, as Mr. Yankovits has never before been notified of any possible violation, there has never been any reason to believe his use of the premises was not in compliance with applicable law. On July 19th, I requested a copy of the Certificate of Occupancy from Vincent Hanley of your office. I have not yet received it. If, in fact, there is a Certificate of

Occupancy prohibiting Mr. Yakovits' use of the basement, then it appears that either his lease was issued by the cooperative in violation of the law or the cooperative has obtained a Certificate of Occupancy with prior knowledge of a non-conforming use of the property. In either case, the cooperative, not the tenant, may be in violation of the lease.

Until this matter is resolved, which we hope can be done amicably, we request that any attempted inspection of the premises by the cooperative on July 26, 1990 be cancelled. Also, please forward any further correspondence on this matter directly to this office.

Very truly yours,

Marion F. Posner

MFP/is