UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
In re:                                          Chapter 11

PRINCE FASHIONS, INC.,                          Case No. 19-23079 (RDD)

               Debtor,                     **ANSWER**

---

PRINCE FASHIONS, INC.

               Plaintiff

v.

60G 542 BROADWAY OWNER, LLC, and
542 HOLDING CORP.,

               Defendants.
-------------------------------------------------------------X

Defendant 542 HOLDING CORP. ("Defendant"), by their attorneys, Romer Debbas, LLP, as and for its Answer to the Complaint, alleges as follows, upon information and belief:

### ANSWERING THE SUBSECTION STYLED "JURISDICTION, VENUE & STATUTORY PREDICATE"

1. The allegation contained in paragraph 1 of the Complaint is a legal conclusion to which Defendant need not admit or deny, and respectfully refers all questions of law to the Court for determination.

2. The allegation contained in paragraph 2 of the Complaint is a legal conclusion to which Defendant need not admit or deny, and respectfully refers all questions of law to the Court for determination.

## ANSWERING THE SUBSECTION STYLED
## "THE PARTIES"

3. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 of the Complaint.

4. Defendant admits each and every allegation set forth in paragraph 4 of the Complaint.

5. Defendant admits each and every allegation set forth in paragraph 5 of the Complaint.

6. Defendant denies each and every allegation set forth in paragraph 6 of the Complaint.

7. Defendant denies each and every allegation set forth in paragraph 7 of the Complaint.

8. Defendant admits each and every allegation set forth in paragraph 8 of the Complaint.

## ANSWERING THE SUBSECTION STYLED
## "RELEVANT FACTS"

**A.  History of the Premises & Events Preceding the Sale**

9. Defendant denies each and every allegation set forth in paragraph 9 of the Complaint.

10. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the Complaint except to admit that Holding Corp assigned its interest under the Lease.

11. Defendant denies each and every allegation set forth in paragraph 11 of the Complaint.

12. Defendant denies each and every allegation set forth in paragraph 12 of the Complaint.

13. Defendant denies each and every allegation set forth in paragraph 13 of the Complaint.

14. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the Complaint.

15. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of the Complaint.

16. Defendant denies each and every allegation set forth in paragraph 16 of the Complaint.

17. Defendant denies each and every allegation set forth in paragraph 17 of the Complaint.

18. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 of the Complaint.

19. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 of the Complaint.

20. Defendant denies each and every allegation set forth in paragraph 20 of the Complaint.

21. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 21 of the Complaint.

22. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 22 of the Complaint.

23.     Defendant denies each and every allegation set forth in paragraph 23 of the Complaint.

24.     Defendant denies each and every allegation set forth in paragraph 24 of the Complaint.

**B.     The Economic Terms of the Prince Transfer**

25.     Defendant denies each and every allegation set forth in paragraph 25 of the Complaint except to admit that the rent stated in the Lease is 19.99% of the net expenses of the building.

26.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 26 of the Complaint.

27.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 27 of the Complaint.

28.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 28 of the Complaint.

29.     Defendant denies each and every allegation set forth in paragraph 29 of the Complaint.

**C.     The Income Tax Treatment of the Prince Transfer**

30.     The allegation contained in paragraph 30 of the Complaint is a legal conclusion to which Defendant need not admit or deny, and respectfully refers all questions of law to the Court for determination.

31.     The allegation contained in paragraph 31 of the Complaint is a legal conclusion to which Defendant need not admit or deny, and respectfully refers all questions of law to the Court for determination.

32. Defendant denies each and every allegation set forth in paragraph 32 of the Complaint.

33. The allegation contained in paragraph 33 of the Complaint is a legal conclusion to which Defendant need not admit or deny, and respectfully refers all questions of law to the Court for determination.

**D.    The Sham Mortgage & Alleged "Insurance Default"**

34. Defendant denies each and every allegation set forth in paragraph 34 of the Complaint.

35. Defendant denies each and every allegation set forth in paragraph 35 of the Complaint.

36. Defendant denies each and every allegation set forth in paragraph 36 of the Complaint.

<u>ANSWERING THE ALLEGED "COUNT I"</u>

37. Answering paragraph 37 of the Complaint, Defendant repeats and realleges each and every response set forth in paragraphs 1 through 36 as if set forth herein at length.

38. Defendant denies each and every allegation set forth in paragraph 38 of the Complaint.

39. Defendant denies each and every allegation set forth in paragraph 39 of the Complaint and refers the Court to section 365 of the Bankruptcy Code for interpretation.

40. Defendant denies each and every allegation set forth in paragraph 40 of the Complaint.

41. Defendant denies each and every allegation set forth in paragraph 41 of the Complaint.

5

42. Defendant denies each and every allegation set forth in paragraph 42 of the Complaint.

43. Defendant denies each and every allegation set forth in paragraph 43 of the Complaint.

44. Defendant denies each and every allegation set forth in the "Wherefore" clause for Count III.

## DEFENSES

45. By pleading the following Defenses, Defendant does not concede that each of the matters covered by the numbered defenses is to be proven by Defendant, and Defendant reserves the position that Plaintiff retains the burden of proof on all matters necessary to state the claims asserted in the Complaint and to establish the requested relief. Without prejudice to their denials and other statements of its pleadings, Defendant alleges the following defenses.

### AS AND FOR A FIRST DEFENSE

46. The Complaint fails to state a claim upon which relief can be granted against Defendant.

### AS AND FOR A SECOND DEFENSE

47. Plaintiff's claims are barred by documentary evidence.

### AS AND FOR A THIRD DEFENSE

48. Plaintiff's claims are barred by the doctrine of waiver.

### AS AND FOR A FOURTH DEFENSE

49. Plaintiff's claims are barred by the statute of frauds.

### AS AND FOR A FIFTH DEFENSE

50. Plaintiff has failed to show proof of wrongdoing by the Defendant.

## AS AND FOR A SIXTH DEFENSE

51. Plaintiff has unclean hands.

## AS AND FOR A SEVENTH DEFENSE

52. Plaintiff is not entitled to recover legal fees or costs against Defendant.

## AS AND FOR AN EIGHTH DEFENSE

53. Defendant should not be a party to this action.

## AS AND FOR A NINTH DEFENSE

54. Debtor's interest in the Lease has been terminated.

**WHEREFORE**, Defendant 542 Holding Corp. demands judgment in its favor, against Plaintiff, dismissing with prejudice, the Complaint in its entirety, and granting such other and further relief as the Court deems just and proper.

Dated: New York, New York
January 21, 2020

ROMER DEBBAS, LLP

By: /s/ Emil A. Samman
Emil A. Samman (ES-8784)
275 Madison Avenue, Suite 801
New York, New York 10016
(212)888-3100