UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
In re:                                                             Chapter 11

PRINCE FASHIONS, INC.,                                             Case No. 19-23079 (RDD)

                Debtor,                             **AMENDED ANSWER**

PRINCE FASHIONS, INC.                                              Adv. Proc. No. 19-08714 (RDD)

                Plaintiff

v.

60G 542 BROADWAY OWNER, LLC, and
542 HOLDING CORP.,

                Defendants.
-----------------------------------------------------------------X

Defendant 542 HOLDING CORP. ("Defendant"), by their attorneys, Romer Debbas, LLP, as and for its Answer to the Amended Complaint (the "Complaint"), alleges as follows, upon information and belief:

## ANSWERING THE SUBSECTION STYLED "JURISDICTION, VENUE & STATUTORY PREDICATE"

1.    The allegations contained in paragraphs 1, 2, 3 and 4 of the Complaint are legal conclusions to which Defendant need not admit or deny, and respectfully refers all questions of law to the Court for determination.

## ANSWERING THE SUBSECTION STYLED "THE PARTIES"

2.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of the Complaint.

1

3. Defendant admits each and every allegation set forth in paragraph 6 of the Complaint.

4. Defendant admits each and every allegation set forth in paragraph 7 of the Complaint except to deny that the extended term of the Lease runs for another 162 years.

5. Defendant denies each and every allegation set forth in paragraph 8 of the Complaint.

6. Defendant admits each and every allegation set forth in paragraph 9 of the Complaint.

## ANSWERING THE SUBSECTION STYLED "RELEVANT FACTS"

**A. History of the Premises**

7. Defendant denies each and every allegation set forth in paragraph 10 of the Complaint.

8. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the Complaint.

9. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of the Complaint.

10. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set for in paragraph 13 of the Complaint.

11. Defendant denies each and every allegation set forth in paragraph 14 of the Complaint except to admit there was a Lease between Holding Corp. and 542 Associates.

12. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of the Complaint.

13. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the Complaint.

14. Defendant denies each and every allegation set forth in paragraph 17 of the Complaint.

15. Defendant denies each and every allegation set forth in paragraph 18 of the Complaint except to admit there was a "series of transactions".

16. Defendant denies each and every allegation set forth in paragraph 19 of the Complaint.

17. Defendant denies each and every allegation set forth in paragraph 20 of the Complaint.

18. Defendant denies each and every allegation set forth in paragraph 21 of the Complaint.

19. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 22 of the Complaint.

20. Defendant denies each and every allegation set forth in paragraph 23 of the Complaint.

21. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24 of the Complaint.

22. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 25 of the Complaint.

23. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 26 of the Complaint.

24. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 27 of the Complaint.

25. Defendant denies each and every allegation set forth in paragraph 28 of the Complaint.

26. Defendant denies each and every allegation set forth in paragraph 29 of the Complaint.

27. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 30 of the Complaint.

28. Defendant denies each and every allegation set forth in paragraph 31 of the Complaint.

29. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 32 of the Complaint.

30. Defendant denies each and every allegation set forth in paragraph 33 of the Complaint.

31. Defendant denies each and every allegation set forth in paragraph 34 of the Complaint.

32. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 35 of the Complaint.

33. Defendant denies each and every allegation set forth in paragraph 36 of the Complaint.

34. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 37 of the Complaint except to admit that Holding Corp assigned its interest under the Lease.

35. Defendant denies each and every allegation set forth in paragraph 38 of the Complaint.

36. Defendant denies each and every allegation set forth in paragraph 39 of the Complaint.

**B.  The Economic Terms of the Prince Transfer**

37. Defendant denies each and every allegation set forth in paragraph 40 of the Complaint.

38. Defendant denies each and every allegation set forth in paragraph 41 of the Complaint.

39. Defendant denies each and every allegation set forth in paragraph 42 of the Complaint.

40. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 43 of the Complaint.

41. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 44 of the Complaint.

42. Defendant denies each and every allegation set forth in paragraph 45 of the Complaint except to admit that the rent stated in the Lease is 19.99% of the net expenses of the building.

43. Paragraphs 46 and 47 of the Complaint recite provisions from the Rider to the Lease and therefore require no response from Defendant who refers the Court to the applicable provisions of the Rider for interpretation.

44. Defendant denies each and every allegation set forth in paragraph 48 of the Complaint.

45. Defendant denies each and every allegation set forth in paragraph 49 of the Complaint.

**C. The Tax Benefits of the Prince Transfer**

46. The allegation contained in the first paragraph of this section of the Complaint is a legal conclusion to which Defendant need not admit or deny, and respectfully refers all questions of law to the Court for determination.

47. The allegation contained in paragraph 50 of the Complaint is a legal conclusion to which Defendant need not admit or deny, and respectfully refers all questions of law to the Court for determination.

48. Defendant denies each and every allegation set forth in paragraph 51 of the Complaint and refers the Court to 26 U.S.C. § 216(b)(1)(C) for interpretation.

49. Defendant denies each and every allegation set forth in paragraph 52 of the Complaint.

50. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 53 of the Complaint.

51. Defendant denies each and every allegation set forth in paragraph 54 of the Complaint.

52. Defendant denies each and every allegation set forth in paragraph 55 of the Complaint.

53. Defendant denies each and every allegation set forth in paragraph 56 of the Complaint.

54. The allegation contained in paragraph 57 of the Complaint is a legal conclusion to which Defendant need not admit or deny, and respectfully refers all questions of law to the Court for determination.

**D.    The Sham Mortgage & Alleged "Insurance Default"**

55. Defendant denies each and every allegation set forth in paragraph 58 of the Complaint.

56. Defendant denies each and every allegation set forth in paragraph 59 of the Complaint.

57. Defendant denies each and every allegation set forth in paragraph 60 of the Complaint.

58. Defendant denies each and every allegation set forth in paragraph 61 of the Complaint.

59. Defendant denies each and every allegation set forth in paragraph 62 of the Complaint.

60. Defendant denies each and every allegation set forth in paragraph 63 of the Complaint.

61. Defendant denies each and every allegation set forth in paragraph 64 of the Complaint.

<u>ANSWERING THE ALLEGED "COUNT I"</u>

62. Answering paragraph 65 of the Complaint, Defendant repeats and realleges each and every response set forth in paragraphs 1 through 61 as if set forth herein at length.

63. Defendant denies each and every allegation set forth in paragraph 66 of the Complaint.

64. Defendant denies each and every allegation set forth in paragraph 67 of the Complaint and refers the Court to section 365 of the Bankruptcy Code for interpretation.

65. Defendant denies each and every allegation set forth in paragraph 68 of the Complaint.

66. Defendant denies each and every allegation set forth in paragraph 69 of the Complaint.

67. Defendant denies each and every allegation set forth in paragraph 70 of the Complaint.

68. Defendant denies each and every allegation set forth in paragraph 71 of the Complaint.

## ANSWERING THE ALLEGED "COUNT II"

69. Defendant denies each and every allegation set forth in paragraph 72 of the Complaint.

70. Defendant denies each and every allegation set forth in paragraph 73 of the Complaint.

71. Defendant denies each and every allegation set forth in paragraph 74 of the Complaint.

72. Defendant denies each and every allegation set forth in the "Wherefore" clause.

## DEFENSES

73. By pleading the following Defenses, Defendant does not concede that each of the matters covered by the numbered defenses is to be proven by Defendant, and Defendant reserves the position that Plaintiff retains the burden of proof on all matters necessary to state the claims

asserted in the Complaint and to establish the requested relief. Without prejudice to their denials and other statements of its pleadings, Defendant alleges the following defenses.

## AS AND FOR A FIRST DEFENSE

74. The Complaint fails to state a claim upon which relief can be granted against Defendant.

## AS AND FOR A SECOND DEFENSE

75. Plaintiff's claims are barred by documentary evidence.

## AS AND FOR A THIRD DEFENSE

76. Plaintiff's claims are barred by the doctrine of waiver.

## AS AND FOR A FOURTH DEFENSE

77. Plaintiff's claims are barred by the statute of frauds.

## AS AND FOR A FIFTH DEFENSE

78. Plaintiff has failed to show proof of wrongdoing by the Defendant.

## AS AND FOR A SIXTH DEFENSE

79. Plaintiff has unclean hands.

## AS AND FOR A SEVENTH DEFENSE

80. Plaintiff is not entitled to recover legal fees or costs against Defendant.

## AS AND FOR AN EIGHTH DEFENSE

81. Defendant should not be a party to this action.

## AS AND FOR A NINTH DEFENSE

82. Debtor's interest in the Lease has been terminated.

**WHEREFORE**, Defendant 542 Holding Corp. demands judgment in its favor, against Plaintiff, dismissing with prejudice, the Complaint in its entirety, and granting such other and further relief as the Court deems just and proper.

Dated: New York, New York
     December 9, 2020

                        ROMER DEBBAS, LLP

                        By:    <u>/s/ Emil A. Samman</u>
                               Emil A. Samman (ES-8784)
                               275 Madison Avenue, Suite 801
                               New York, New York 10016
                               (212)888-3100